| Judge STEVEN R. PLOTKIN.
Claimant Floyd Milliet appeals a decision of a Worker’s Compensation Judge (“WCJ”) in favor of his former employer, New Orleans Police Department (“NOPD”). We affirm.
Facts
Mr. Milliet suffered injury to his back and legs as the result of an accident that occurred during a high-speed chase of a *904 criminal suspect in connection with his employment with .the NOPD. Although Mr. Milliet initially continued to work for NOPD in a light-duty assignment after his accident, he later decided to take disability retirement effective July of 1988. Mr. Milliet received workers’ compensation benefits for 10 years, at which time his benefits were terminated.
Mr. Milliet filed a workers’ compensation claim, in which he described “the Bona-Fide Dispute” as follows:
Claimant’s benefits will cease as of July 1998 ... claimant need[s] to be permanently disabled and be determined for claim in order for benefits to continue and perpetuity.
The NOPD filed an answer to Mr. Milliet’s workers’ compensation claim, asserting that Mr. Milliet’s injuries never prevented him “from engaging in some 12kind of self-employment and/or occupations for wages,” and that he was therefore not entitled to temporary total or permanent total disability benefits. Moreover, the NOPD asserted that Mr. Milliet’s injuries did not result in his inability to earn wages equal to 90 percent or more of the wages he was earning at the time of the alleged injury. Finally, NOPD denied that Mr. Milliet has any current work-related disability.
Following a hearing on Mr. Milliet’s claim, the WCJ entered judgment in favor of NOPD, finding that Mr. Milliet “is not entitled to workers’ compensation medical benefits, or workers’ compensation indemnity benefits, in the form of temporary total, supplemental earnings or permanent total disability.” The WCJ stated her reasons for judgment as follows:

AFTER HAVING CONSIDERED the evidence adduced at trial, testimony and applicable law, and the court being of the opinion that the evidence disfavors] the employee’s claim of temporary total disability in that: (1) claimant has not received medical treatment since October, 1997; (2) claimant has had two intervening accidents, March 30, 1998 and November 11, 1993, since his job-related injury of May 27, 1985; (3) there is no indication that claimant informed his treating physician of the two additional accidents and reports for the periods that could be attributed to treatment and recovery for these non-job related injuries are not contained in the medical evidence admitted though, he claimant, reported to his private disability insurers that Dr. Ruel, his treating physician herein, was his physician for the non-work related injuries; U) claimant was paid a total maximum benefit of $39,600 by his private disability insurer covering the period of June 10, 1988 through July 9, 1990, for the March 1988 injury, during which period claimant continued to receive workers’ compensation indemnity and medical benefits; and (5) the court is of the opinion that claimant has violated LSA R.S. 23:1208.

Mr. Milliet appeals, assigning one error — that the WCJ “erred in applying the law and finding that Mr. Milliet’s status was changed from temporary total disability benefits to supplemental earnings benefits prior to April 26, 1994.” However, we have closely examined the record in this case and have found no | ¡¡allegation that Mr. Milliet’s workers’ compensation status was improperly changed, or that his workers’ compensation status was ever specified to be total temporary disability, much less that it was improperly changed to supplemental earnings benefits. Accordingly, we find no merit in Mr. Milliet’s sole assignment of error.
As indicated by the above quotation of the reasons for judgment, the real reason for the WCJ’s decision was her *905 finding that Mr. Milliet violated LSA-R.S. 23:1208, which requires forfeiture of workers’ compensation benefits upon a finding that a claimant “willfully made a false statement or representation” “for the purpose of obtaining or defeating any benefit or payment under the provisions” of the workers’ compensation chapter. Mr. Mil-liet has not assigned error to this finding of the WCJ, nor is this finding even mentioned in Mr, Milliet’s brief; accordingly, Mr. Milliet has abandoned this issue. See Uniform Rules — Courts of Appeal, Rule 2-12.4. Moreover, as indicated by the reasons for judgment, the record evidence is sufficient to support the WCJ’s decision on this issue. Accordingly, the judgment of the WCJ is hereby affirmed.
AFFIRMED.